## CITY AND COUNTY OF SAN FRANCISCO v. UNION TANK & PIPE CO.

### No. 6030.

Circuit Court of Appeals, Ninth Circuit.

April 7, 1930.

John J. O'Toole, City Atty., and J. E. Trabucco, both of San Francisco, Cal., for appellant.

Ford W. Harris and Herbert A. Huebner, both of Los Angeles, Cal., for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and NORCROSS, District Judge.

DIETRICH, Circuit Judge.

Appellee, as the holder of patent No. 1,647,861, to Furey, brought this suit to enjoin infringement thereof. It covers a type of metal buttons or markers by means of which, when installed on street pavements, lines of travel are defined. For that purpose the appellant city was using a marker of a somewhat similar design. The statement of one of the three claims of the patent will suffice for all:

"1. A street button comprising: a concave plate; legs extending from said plate, said legs being driven into a material when said street button is installed in place; and said concave plate being adapted to be flattened when said street button is installed, thus swinging said legs in a manner to wedge said legs into said material."

In view of the express limitation of the claims, the cancellation of broader claims in the course of patent proceedings, and the state of the prior art, appellee concedes that, assuming the validity of the patent, a point on which we intimate no opinion, it is "narrow," and, in effect, that it is to be limited to the form of device disclosed. As shown in the patent drawings and as manufactured, appellee's marker is made out of a square metal plate which is pressed into a slightly concave form and the corners turned down so that as "legs" they stand out at right angles from the convex surface. In putting it in place on the street, the legs are driven into the pavement, in the course of which process the force applied flattens the concave surface, with the result that the legs spread and thus lock the device in the pavement. Admittedly concavity is an essential feature, for otherwise the patentee could not escape the defense of anticipation. See especially French patent No. 397,360, 1909, to Arbel. But the device used by appellant is not concave. In that respect it cannot be read within the Furey claims merely because in turning down the corners of the plate the edges are left round instead of sharp. The body of the plate continues to be flat, whereas Furey specifies complete concavity—the highest point of his marker being in the center thereof. It is of no avail to say that in installing the appellant's device a slight spread is given to the legs; to depress the central portions of a perfectly flat marker would tend to such a result.

We cannot consider seriously a suggestion that there is infringement, because in his second claim Furey adds to the language of his first the clause, "and depressions formed on said legs for increasing the friction between the same and said material," or because claim 3 describes an octagonal instead of a square marker. A child knows how to make either a square or octagonal figure by turning down the corners of a square pattern, and that roughness and irregularity contribute to frictional resistance is elementary; manifestly in neither of these differentiating features is there patentable novelty.

Reversed, with directions to dismiss the bill of complaint.